**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 7 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SAHIL SHARMA; DEVI
PRIYANKA; K.J.,

             Petitioners,

  v.

PAMELA BONDI, Attorney General,

             Respondent.

No. 24-2278

Agency Nos.
A240-844-642
A240-844-643
A240-844-644

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 3, 2025[**]
San Francisco, California

Before: HURWITZ, KOH, and JOHNSTONE, Circuit Judges.

    Sahil Sharma ("Sharma"), Devi Priyanka ("Priyanka"), and their minor

child, natives and citizens of India, petition for review of a decision by the Board

of Immigration Appeals ("BIA") dismissing an appeal from an order by an

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel previously granted Respondent's motion to submit this case on the briefs [Dkt. 28].

Immigration Judge ("IJ") denying Sharma's applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.      Petitioners challenge the agency's finding that Sharma could safely and reasonably relocate within India.[2] Asylum and withholding of removal are not available for an applicant who can avoid future persecution by reasonably relocating to another part of the applicant's country of nationality. *See* 8 C.F.R. § 1208.13(b)(1)(i)(B); 8 C.F.R. § 1208.16(b)(1)(i)(B). "For an applicant to be able to safely relocate internally, there must be an area of the country where he or she has no well-founded fear of persecution." *Singh v. Whitaker*, 914 F.3d 654, 659 (9th Cir. 2019) (cleaned up). "To determine the reasonableness of relocation, factors to consider include potential harm in the suggested relocation area, ongoing civil strife in the country, and social and cultural constraints, among others." *Id*. Similarly, CAT protection is only available if the applicant establishes that "it is more likely than not that he or she would be tortured if removed." 8 C.F.R. §

---

[1] Priyanka and the minor child did not file separate applications for relief and protection from removal and are thus only eligible for derivative asylum based on Sharma's application.

[2] Petitioners also challenge the IJ's adverse credibility finding. However, the BIA did not base its decision on the adverse credibility finding, so that issue is not properly before us. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021) ("In reviewing the BIA's decisions, we consider only the grounds relied upon by that agency.").

1208.16(c)(2). All evidence relevant to the possibility of future torture is considered, including whether "the applicant could relocate to a part of the country of removal where he or she is not likely to be tortured." 8 C.F.R. § 1208.16(c)(3). The agency's relocation determination is reviewed for substantial evidence, and we will uphold that determination "unless compelled to conclude to the contrary." *Singh*, 914 F.3d at 658 (cleaned up).

2. Substantial evidence supports the agency's conclusion that Petitioners were not eligible for asylum or withholding of removal because Sharma can safely and reasonably relocate to Jaipur or Bangalore.[3] All of the attacks Sharma and his father experienced by Bhartiya Janata Party ("BJP") members occurred in Karnal. Following the attacks, Sharma relocated and worked for over two years in Jaipur and for about a year in Bangalore. The record does not reflect that he lived in hiding during these times. While living in Jaipur and Bangalore, Sharma received threatening phone calls from BJP members but never experienced any physical encounters. Petitioners concede Sharma is young, college-educated, and healthy, and they fail to identify any specific country conditions that would make relocation unreasonable.

---

[3] The BIA also found that the IJ correctly determined that Sharma could relocate to Punjab. As we find that the BIA did not err in determining Sharma could safely and reasonably relocate to Jaipur or Bangalore, we need not decide whether Sharma could also safely and reasonably relocate to Punjab.

3

3.    Substantial evidence also supports the agency's conclusion that Sharma had not demonstrated that it was more probable than not that he would be tortured if removed.  To the extent that the petition for review attacks the agency's finding that Sharma could relocate in India to avoid feared torture, it fails for the reasons above.

**PETITION FOR REVIEW DENIED**.